The opinion of the Court was delivered by
Haii, Judge.
If a recovery cannot be had in the present case, it cannot lie because the contract of the parties will not warrant it; the contract of the parties fully sustains the verdict and judgment of the Court.
But it is said, and’truly, that the bond has not been taken conformably to the directions of the act of Assembly ; so it was objected in the State Bank v. Twitty, (2 Hawks, 5) but it was decided in that case, and the Court is now of opinion, that the bond was good, as a voluntary bond.
' The Magistrates of the county were empowered by the Legislature, to take from the Defendant a bond, and the form of that bond is prescribed. The bond was not taken for the benefit of the Justices, but for the benefit of the suitors, whose money might come into the hands of the Defendant, as Sheriff, and be by him improperly detained, as seems to have been done in the present case.
The present Plaintiff had no agency in taking the bond, and if the bond, although bad in form, is in its terms sufficient to warrant the present action, it would be the height of injustice to declare it invalid on account of form; it is not like the case of a bond taken by a Sheriff, contrary to the provisions of the act of Assembly; all such bonds are declared to be void.
But an objection has been here made to the form of the proceedings in this case; it has been said, that under the Stat. of Will. 3d, a suggestion of damages ought to. have been placed upon the record. It is true, that ought to have been done, but there is no doubt but that a suggestion of the sort was made, and proof made accordingly; for the Jury, by their verdict, have found damages in consequence of such proof, atid the Court has given, *44 judgment thereon; and the omission to suggest dama-Ses on ^e record ought now, after verdict, either to bo overlooked, or leave should be given to enter it nunc pro iunC' — (g Saund. 187, «.)